

FILED by KS D.C.

Mar 8, 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. **22-20087-CR-MIDDLEBROOKS/MCALILEY**

18 U.S.C. § 1956(h)
18 U.S.C. § 1957
18 U.S.C. § 2
18 U.S.C. § 982(a)(1)

UNITED STATES OF AMERICA

vs.

DANIEL D'ANDREA GOLINDANO
and
LUIS JAVIER SANCHEZ RANGEL,

　　　　　**Defendants.**
_____/

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Indictment, unless otherwise specified:

### INDIVIDUALS AND ENTITIES

1.　Petróleos de Venezuela, S.A. ("PDVSA"), was Venezuela's state-owned and state-controlled oil company. PDVSA and its subsidiaries and affiliates were responsible for the exploration, production, refining, transportation, and trade in energy resources in Venezuela and provided funding for other operations of the Venezuelan government. PDVSA maintained a majority stake in, and controlled, the procurement process at certain PDVSA subsidiaries. PDVSA's officers and employees were "public officials" as that term is used under Venezuelan law.

2.　**DANIEL D'ANDREA GOLINDANO** was a senior national prosecutor in an anti-

corruption unit of the Venezuelan Attorney General's office. **DANIEL D'ANDREA GOLINDANO** was a "public official" as that term is used under Venezuelan law.

3. **LUIS JAVIER SANCHEZ RANGEL** was a senior national prosecutor in an anti-corruption unit of the Venezuelan Attorney General's Office. **LUIS JAVIER SANCHEZ RANGEL** was a "public official" as that term is used under Venezuelan law.

4. In or around 2017, the Venezuelan Attorney General's Office had open criminal investigations relating to corruption involving Contractor 1 and Venezuelan Official 1 (defined below).

5. Contractor 1 was a Venezuelan contractor who received over $150 million in contracts from PDVSA subsidiaries.

6. Venezuelan Official 1 was a former chief procurement manager at one of the PDVSA subsidiaries.

7. Co-Conspirator 1 was a Venezuelan attorney who represented Contractor 1 and Venezuelan Official 1.

8. Co-Conspirator 2 was an associate of **DANIEL D'ANDREA GOLINDANO.**

9. Contractor Company was a Florida corporation controlled by Contractor 1 that maintained bank accounts in the Southern District of Florida.

10. Co-Conspirator Company was a Florida corporation controlled by Co-Conspirator 2 that maintained bank accounts in the Southern District of Florida.

## COUNT 1
### (Conspiracy to Commit Money Laundering – 18 U.S.C. §1956(h))

1. Paragraphs 1 through 10 of the General Allegations Section are re-alleged and incorporated by reference as though fully set forth herein.

2

2. From in or around February 2017, continuing until at least March 2018, in the Southern District of Florida, and elsewhere, the defendants,

**DANIEL D'ANDREA GOLINDANO**
**and**
**LUIS JAVIER SANCHEZ RANGEL,**

did knowingly and voluntarily combine, conspire, confederate, and agree with persons known and unknown to the Grand Jury, to commit offenses under Title 18, United States Code, Sections 1956 and 1957, as follows:

   a. To knowingly conduct and attempt to conduct, a financial transaction which involved the proceeds of specified unlawful activity, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and knowing that the transaction was designed in whole and in part, to conceal and disguise the nature, the location, the source, the ownership, and control of the proceeds of said specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

   b. To knowingly engage in a monetary transaction, by, through, and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000 that is derived from specified unlawful activity, in violation of Title 18, United States Code, Section 1957.

It is further alleged that the specified unlawful activity is an offense against a foreign nation, specifically Venezuela, involving bribery of a public official, and the misappropriation, theft, and embezzlement of public funds by and for the benefit of a public official, as provided by Title 18, United States Code, Section 1956(c)(7)(B)(iv).

## PURPOSE OF THE CONSPIRACY

It was the purpose of the conspiracy for the defendants to unlawfully enrich themselves by receiving bribe payments, laundered through bank accounts in the United States, from contractors and officials under criminal investigation by the defendants' offices of the Venezuelan Attorney General in exchange for using their official positions, duties and responsibilities to exert influence and forego seeking criminal charges against Venezuelan contractors and officials, including Contractor 1 and Venezuelan Official 1.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which **DANIEL D'ANDREA GOLINDANO** and **LUIS SANCHEZ RANGEL** and their co-conspirators sought to accomplish the purpose of the conspiracy included, among other things, the following:

1. **DANIEL D'ANDREA GOLINDANO** and **LUIS SANCHEZ RANGEL**, in their official roles as a prosecutors with the Venezuelan Attorney General's Office, were investigating Contractor 1 and Venezuelan Official 1, among others, for corruption involving PDVSA contracts.

2. **DANIEL D'ANDREA GOLINDANO** and **LUIS SANCHEZ RANGEL** and their co-conspirators discussed by email, meetings, and telephone the agreement to receive bribes of approximately one million dollars in exchange for not pursuing criminal charges against Contractor 1 and Venezuelan Official 1, among others, and to launder and conceal the proceeds of the bribes through companies and bank accounts in the United States, including in the Southern District of Florida.

3. **DANIEL D'ANDREA GOLINDANDO** and Co-Conspirator 2 created false invoices seeking payment from Contractor 1. These invoices falsely represented that Co-

4

Conspirator Company had provided legitimate services to Contractor 1 in an effort to conceal the origin of the funds.

4. Co-Conspirator 1 arranged a private meeting between Contractor 1 and **DANIEL D'ANDREA GOLINDANO** at a residence in Venezuela to discuss a "solution" to the Venezuelan Attorney General's criminal investigation relating to Contractor 1 and Venezuelan Official 1.

5. **DANIEL D'ANDREA GOLINDANO** and Contractor 1 agreed on a bribe payment of approximately one million U.S. dollars so that the Venezuelan Attorney General's office would not seek criminal charges against, among others, Contractor 1 and Venezuelan Official 1.

6. **DANIEL D'ANDREA GOLINDANO** called **LUIS JAVIER SANCHEZ RANGEL**, the prosecutor overseeing the case, and confirmed the agreement on the bribe amount of approximately one million dollars.

7. **DANIEL D'ANDREA GOLINDANDO** caused Co-Conspirator 2 to create false invoices seeking payment from Contractor 1. These invoices falsely represented that Co-Conspirator Company was supplying approximately one million dollars' worth of equipment to Contractor Company.

8. Contractor 1 caused the payment of nearly one million U.S. dollars to the account of Co-Conspirator Company in the Southern District of Florida for the benefit of **DANIEL D'ANDREA GOLINDANO** and **LUIS JAVIER SANCHEZ RANGEL**.

9. As a result of this bribe payment, **DANIEL D'ANDREA GOLINDANO** and **LUIS JAVIER SANCHEZ RANGEL** used their official positions, duties, and responsibilities to cause the Venezuelan Attorney General's Office not to seek criminal charges against, among others, Contractor 1 and Venezuelan Official 1.

10. **LUIS JAVIER SANCHEZ RANGEL** sent emails from his personal email account to the personal email account of **DANIEL D'ANDREA GOLINDANO** seeking payment from Co-Conspirator Company for **LUIS JAVIER SANCHEZ RANGEL's** personal benefit, including for an apartment, a car, and other payments.

11. Co-Conspirator 2 caused payments to be made from the Co-Conspirator Company account for the personal benefit of **DANIEL D'ANDREA GOLINDANO** and **LUIS JAVIER SANCHEZ RANGEL.**

12. **DANIEL D'ANDREA GOLINDANO** and **LUIS JAVIER SANCHEZ RANGEL** caused to be maintained ledgers tracking the incoming bribe payments received from Co-Conspirator 1 and outgoing payments made for the benefit of themselves and other co-conspirators.

All in violation of Title 18, United States Code, Section 1956(h).

### COUNTS 2-5
### Engaging in Transactions in Criminally Derived Property
### (18 U.S.C. § 1957)

1. Paragraphs 1 through 10 of the General Allegations Section and paragraphs 1 through 12 of the Manner and Means Section of Count 1 are re-alleged and incorporated by reference as though fully set forth herein.

2. On or about the dates set forth in each Count below, in the Southern District of Florida and elsewhere, the defendants, as identified in each Count below, did knowingly engage in, and aid, abet, and cause others to engage in, and attempt to engage in, a monetary transaction affecting interstate commerce, by, though, and to a financial institution, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, and knowing that the property involved in the financial transaction represented

the proceeds of some form of unlawful activity, that is an offense against a foreign nation, specifically Venezuela, involving bribery of a public official, and the misappropriation, theft, and embezzlement of public funds by and for the benefit of a public official, pursuant to Title 18, United States Code, Section 1956(c)(7)(B)(iv):

| Count | Defendant | Approximate Date | Description of Transaction |
|---|---|---|---|
| 2 | **LUIS JAVIER SANCHEZ RANGEL** | March 9, 2017 | Transfer of approximately $18,000 from an account of Co-Conspirator Company in the Southern District of Florida to an account in the Southern District of Florida for the purchase of a Toyota Corolla for the benefit of **LUIS JAVIER SANCHEZ RANGEL.** |
| 3 | **LUIS JAVIER SANCHEZ RANGEL** | March 16, 2017 | Transfer of approximately $97,000 from an account of Co-Conspirator Company in the Southern District of Florida to an account in the Southern District of Florida for the purchase of an apartment for the benefit of **LUIS JAVIER SANCHEZ RANGEL.** |
| 4 | **DANIEL D'ANDREA GOLINDANO** | August 21, 2017 | Transfer of approximately $19,300 from an account of Co-Conspirator Company in the Southern District of Florida to an account of **DANIEL D'ANDREA GOLINDANO** in the Southern District of Florida. |
| 5 | **DANIEL D'ANDREA GOLINDANO** | September 20, 2017 | Transfer of approximately $19,300 from an account of Co-Conspirator Company in the Southern District of Florida to an account of **DANIEL D'ANDREA GOLINDANO** in the Southern District of Florida. |

In violation of Title 18, United States Code, Sections 1957 and 2.

## FORFEITURE
## (18 U.S.C. § 982(a)(1))

1. The allegations of this Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants, **DANIEL D'ANDREA GOLINDANO** and **LUIS JAVIER SANCHEZ RANGEL,** have an interest.

2. Upon conviction of a violation of Title 18, United States Code, Sections 1956 or 1957, as alleged this Indictment, the defendants, **DANIEL D'ANDREA GOLINDANO** and **LUIS JAVIER SANCHEZ RANGEL,** shall forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).

3. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property that cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property, under the provisions of Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Section 982(a)(1), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, 982(b)(1).

A TRUE BILL.

_____
FOREPERSON

_____
JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

_____
JOSEPH S. BEEMSTERBOER
ACTING CHIEF, FRAUD SECTION
CRIMINAL DIVISION

_____
MICHAEL N. BERGER
ASSISTANT UNITED STATES ATTORNEY

_____
ALEXANDER KRAMER
TRIAL ATTORNEY

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| UNITED STATES OF AMERICA | CASE NO. _____ |
|---|---|
| v. | |
| DANIEL D'ANDREA GOLINDANO and LUIS JAVIER SANCHEZ RANGEL, | **CERTIFICATE OF TRIAL ATTORNEY*** |
| | **Superseding Case Information:** |
| _____ Defendants/ | |

**Court Division:** (Select One)
- [✓] Miami  [ ] Key West  [ ] FTL
- [ ] WPB  [ ] FTP

New defendant(s)  [ ] Yes  [ ] No
Number of new defendants _____
Total number of counts _____

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No) **Yes**
   List language and/or dialect **Spanish**

4. This case will take **6** days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I   0 to 5 days   [ ]
   - II  6 to 10 days  [✓]
   - III 11 to 20 days [ ]
   - IV  21 to 60 days [ ]
   - V   61 days and over [ ]

   (Check only one)
   - Petty [ ]
   - Minor [ ]
   - Misdemeanor [ ]
   - Felony [✓]

6. Has this case previously been filed in this District Court? (Yes or No) **No**
   If yes: Judge _____ Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No) **No**
   If yes: Magistrate Case No. _____
   Related miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the District of _____
   Is this a potential death penalty case? (Yes or No) **No**

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)? (Yes or No) **No**

8. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)? (Yes or No) **No**

9. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)? (Yes or No) **No**

_____
Michael N. Berger
Assistant United States Attorney
Court ID No.   A5501557

*Penalty Sheet(s) attached                                                   REV 3/19/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** <u>DANIEL D'ANDREA GOLINDANO</u>

**Case No:** _____

Count #: 1

Conspiracy to Commit Money Laundering

Title 18, United States Code, Section 1956(h)

\* **Max. Penalty:** Twenty (20) Years' Imprisonment

Counts #: 4-5

Engaging in Transactions in Criminally Derived Property

Title 18, United States Code, Section 1957

\* **Max. Penalty:** Ten (10) Years' Imprisonment

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** <u>**LUIS JAVIER SANCHEZ RANGEL**</u>

**Case No:** _____

Count #: 1

<u>Conspiracy to Commit Money Laundering</u>

<u>Title 18, United States Code, Section 1956(h)</u>

**\* Max. Penalty:** Twenty (20) Years' Imprisonment

Counts #: 2-3

<u>Engaging in Transactions in Criminally Derived Property</u>

<u>Title 18, United States Code, Section 1957</u>

**\* Max. Penalty:** Ten (10) Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**